IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

WESTERN DIST COURT
FILED ARKANSAS
DEC 1 0 2018
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, AND UAW LOCAL 716,<br><br>    Plaintiffs,<br><br>vs.<br><br>TRANE U.S. INC.,<br><br>    Defendant. | Case No. 18-2203 |

## COMPLAINT TO COMPEL ARBITRATION

International Union, United Automobile, Aerospace and Agricultural

Implement Workers of America, AFL-CIO ("the International Union"), and UAW

Local 716 (together "UAW"), allege for their Complaint against Defendant Trane

U.S. Inc. ("the Company") as follows:

### Nature of the Case

1.    This is an action under Section 301 of the Labor-Management

Relations Act, 29 U.S.C. §185 ("Section 301 of the LMRA"), to compel arbitration

under a collective bargaining agreement between the Company, an employer in an

industry affecting commerce, and UAW, a labor organization representing

employees in an industry affecting commerce.

2.      UAW has a dispute with the Company concerning vacation pay due employees who were terminated upon the closing of their plant at Fort Smith, Arkansas. The parties submitted the case to Arbitrator T. Zane Reeves, who issued an Award on June 29, 2018. The Arbitrator held Trane had violated Article XX of the Collective Bargaining Agreement ("CBA"), which provides in relevant part that an "eligible employee whose employment is terminated because of plant closing shall be entitled to. . .the full vacation allowance for which he might have qualified for the calendar year in which his employment is terminated…."  CBA at Article XX, Section 2(b) (¶ 166). The Arbitrator's Award directed Trane to make the employees whole, and reserved "jurisdiction of this matter until the terms of the award are met."

3.      After the Arbitrator issued the Award, Trane offered to make payments to three employees who, had they not been terminated, would have been entitled to supplemental vacation allowances by virtue of reaching seniority milestones before the end of 2017. The UAW asserted that such payments would constitute only partial compliance with the Award. It maintains that the "make whole" remedy ordered by the Arbitrator also requires Trane to make payments for the vacation allowances for which approximately 200 employees – but for the plant closing – might have qualified in 2017, and been entitled to receive January 1,

2

2018. The Union contends that, by failing to make these payments, the Company refused to provide employees laid-off as part of the shutdown with the "full vacation allowance" to which they are entitled under Article XX.

4.      The Parties presented their disagreement to the Arbitrator. On September 13, 2018, the Arbitrator emailed the Parties, stating that the Company had complied with his Award, and that he would no longer retain jurisdiction. He did not, however, address the question of whether employees are entitled to the vacation allowances for which – had the plant remained open – they might have qualified in 2017, and been entitled to receive January 1, 2018. The Company takes the position that the Arbitrator is now barred by the *functus officio* doctrine from resolving this issue.

5.      The Company is wrong. The *functus officio* doctrine does not bar the Arbitrator from addressing an unresolved issue in the implementation of the Award. The parties agreed to arbitration of all disputes related to the vacation pay entitlement described in Article XX of the CBA, including disputes over compliance with any award.  The Court should therefore order the Company to arbitrate the unresolved issue of whether Trane must pay the "full vacation allowance" to which approximately 200 employees are entitled.

3

*Parties*

6.     The International Union is a labor organization with its headquarters in Michigan that represents workers, including those who worked at the Company's facility in Fort Smith. UAW Local 716, based in Fort Smith, is an affiliate of the International Union that, along with the International Union and the Company, is a signatory to the CBA.

7.     The Company is a for-profit corporation headquartered in New Jersey. It is a wholly owned subsidiary of Ingersoll Rand, an American company now incorporated in Ireland but with its headquarters in North Carolina. At all relevant times, the Company has engaged in business in Arkansas.

*Jurisdiction and Venue*

8.     This Court has jurisdiction of this matter under Section 301 of the LMRA, 29 U.S.C. §185, and under 28 U.S.C. §1331, as the Complaint alleges a violation of an agreement between an employer and a labor organization representing employees in an industry affecting commerce.

9.     Venue lies within the Western District of Arkansas because it was within this District that the acts complained of occurred.

4

### *The Collective Bargaining Agreements and the Plant Closing*

10.    UAW and the Company are parties to a CBA which was effective by its terms for the period March 17, 2013 to April 1, 2017. The CBA covered a bargaining unit of workers at the Company's plant in Fort Smith. A copy of the 2013-2017 CBA is attached as Exhibit A.

11.    In February 2017, the Company announced its intent to close its plant on Zero Drive in Fort Smith.

12.    UAW and the Company entered into a Memorandum of Agreement ("MOA") regarding closing issues on March 8, 2017. A copy of the MOA is attached as Exhibit B. Among other things, the parties agreed in the MOA to extend the CBA's term to the date of the plant's actual closing or April 2019, whichever is earlier.

13.    The CBA contains a grievance-and-arbitration procedure to resolve disputes between the parties as to their agreement. The final step is binding arbitration: "Any grievance which involves the interpretation or application of this Agreement and which remains unsettled after having been fully processed pursuant to the provisions of Article XII shall be submitted to arbitration upon written request of the Union, provided such request is made within 30 days after the final decision of the Company has been given to the Union pursuant to Article XII." CBA at Article XIV, Section 1 (¶144).

5

14. The parties have an unresolved dispute as to the Company's failure to make any payments for vacation allowances for which – but for the plant closing – employees might have qualified in 2017, and been entitled to receive January 1, 2018. The Union claims that the Company refused to pay the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown.

15. The parties submitted the case to Arbitrator T. Zane Reeves, who issued an Award on June 29, 2018, attached as Exhibit C to this Petition. The Arbitrator held Trane had violated Article XX of the CBA, which provides that an "eligible employee whose employment is terminated because of plant closing shall be entitled to. . .the full vacation allowance for which he might have qualified for the calendar year in which his employment is terminated…." CBA at Article XX, Section 2(b) (Par. 166). The Arbitrator's Award directed Trane to make the employees whole. The Arbitrator reserved "jurisdiction of this matter until the terms of the award are met."

16. After the Arbitrator issued the Award, Trane offered to make payments to three employees who, had they not been terminated, would have been entitled to supplemental vacation allowances by virtue of reaching seniority milestones before the end of 2017. The UAW asserted that such a payment would constitute only partial compliance with the Award. It maintains that the "make

6

whole" remedy ordered by the Arbitrator also requires Trane to make payments for vacation allowances for which– but for the plant closing – employees might have qualified in 2017, and been entitled to receive January 1, 2018. The Union contends that, by failing to make these payments, the Company refused to provide employees laid-off as part of the shutdown with the "full vacation allowance" to which they are entitled under Article XX.

17.     The Parties presented their disagreement to the Arbitrator. On September 13, 2018, the Arbitrator informally addressed the dispute. He wrote in an email that day: "I have reviewed your most recent briefs and emails regarding clarification of my award. In my second Award, I ruled that the Company was obligated to recognize any milestone date in 2017 that would occur after the employee's plant closing date. It is my understanding that the Company complied with this award by paying a week's additional vacation pay to three employees who had a milestone anniversary dates in 2017 that would have happened after their 2017 plant termination dates. I note that the original grievance cited the CBA violation as Article XX only. However, vacation eligibility requirements are defined in Article IX [see paragraphs 71 & 72] and is based on years of continuous service, rather than seniority only. Thus, the Company complied with my award and I am no longer retaining jurisdiction in this matter."

18.     The Arbitrator inadvertently neglected to address a central claim

7

before him: that the Company failed to make any payments for vacation allowances for which – but for the shutdown – employees might have qualified in 2017, and been entitled to receive January 1, 2018. In doing so, the Company denied the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown.

19.    The Union raised this omission with the Arbitrator. On October 24, 2018, the Union outlined the unresolved issue, and asked the Arbitrator to resolve it. A copy of the Union's October 24, 2018 request for resolution of the unresolved issue is attached as Exhibit D hereto. To date, the Arbitrator has not acted on the Union's request.

20.    The Company takes the position that the Arbitrator is barred by the *functus officio* doctrine from addressing the remaining question before him. The Company is wrong. The *functus officio* doctrine does not bar the Arbitrator from addressing an unresolved issue in the implementation of the Award. The parties agreed to arbitration of all disputes, including disputes over compliance with the Award. The Court should therefore order the Company to arbitrate before Arbitrator Reeves the unresolved issue of its refusal to pay the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown.

8

## FIRST CLAIM TO COMPEL ARBITRATION
## (29 U.S.C. § 185)

21.     The allegations of paragraphs 1-20 are hereby incorporated as if fully set forth herein.

22.     The Company has breached its agreement to submit to final arbitration of the parties' dispute concerning its refusal to pay the "full vacation allowance" as described above.

23.     To the extent that the Company or Arbitrator Reeves incorrectly believes that arbitration of the unresolved issue is barred, the Court should direct arbitration of the unresolved issue.

24.     Pursuant to Section 301 of the LMRA, 29 U.S.C. §185, this Court has authority to compel the Company to arbitrate regarding its refusal to pay the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown.

## IN THE ALTERNATIVE,
## SECOND CLAIM TO VACATE AND REMAND AWARD
## (29 U.S.C. § 185)

25.     The allegations of paragraphs 1-24 are hereby incorporated as if fully set forth herein.

26.     This Count is pleaded in the alternative to the foregoing Count I under Fed.R.Civ. P. 8(d)(2)-(3).

9

27.    If any act or omission of the Arbitrator were deemed to constitute a final award precluding further arbitration of unresolved issues, such an act or omission must be vacated and remanded to the Arbitrator as an incomplete resolution of the parties' submission.

28.    Pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, this Court has authority to vacate and remand any such award for resolution of the Union's claim that the Company refused to pay the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown.

## PRAYER FOR RELIEF

UAW respectfully requests that this Court enter an order:

(A)    To compel the Company to arbitrate the Union's claim concerning the refusal to pay the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown;

(B)    In the alternative, to vacate any act or omission purporting to be a final award and remand to Arbitrator Reeves for resolution of the Union's claim concerning the refusal to pay the "full vacation allowance" to which approximately 200 employees were entitled when they were laid-off as part of the shutdown;

(C)    Order such other relief as the Court deems appropriate.

10

Respectfully submitted,

John L. Burnett
Lavey and Burnett
904 West Second Street
Little Rock, AR 72201
Tel.: 501-376-2269
Fax: 501-372-1134
jburnett@laveyandburnett.com

Arlus J. Stephens, *pro hac vice to be filed*
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Tel.: 202-223-2620
Fax: 202-296-9600
astephens@murphypllc.com

Attorneys for International Union, UAW
and UAW Local 716

11